Dear Ms. Mailhes:
This office is in receipt of your opinion request of recent date wherein you ask several questions regarding the enforcement of parish litter laws. Your first question involves equipment (magnetic car decals, badges, uniforms) for constables participating in the enforcement of litter laws. Secondly, your inquiry addresses whether marshals could assist in the enforcement of the existing litter ordinances. Lastly, you ask whether equipment (magnetic car decals, badges, uniforms) could be provided to marshals by the police jury.
As stated in your opinion request, you desire a clarification of Opinion Number 00-259-Prohibition of using public funds for private vehicles of elected officials. However, the clarification request is not appropriate in light of the fact that the former opinion focuses on private vehicles belonging to elected officials and your inquiry addresses law enforcement officers acting in the course and scope of their employment as dictated to them by the governing body of Calcasieu Parish. As such, the aforementioned enumerated questions will be considered.
The Calcasieu Parish Police Jury, being the governing body of Calcasieu Parish, has the authority to enact an ordinance providing for litter abatement and/or control. It is at the police jury's discretion to determine the specifics of such a parish ordinance. Thus, the Calcasieu Parish Police Jury does have the statutory authority to adopt a litter ordinance similar to the one attached as Exhibit "1" of your original request letter. Specific provisions of this statute and advice thereon are left to the discretion of the police jury.
LSA-R.S. 13:2589 acknowledges the role of constable in respect to anti-litter law enforcement. LSA-R.S. 13:2589 states as follows:
 Compensation of justices of the peace and constables in criminal matters
 A. Justices of the peace and constables shall receive no fees in criminal matters or in peace bond cases, but in lieu thereof they shall receive such salaries as are fixed by the parish governing authority and paid by the parish, which salaries shall be graded.
 B. Notwithstanding the provisions of R.S. 30:2531 through 2531.5 and 30:2532, governing the distribution of fines for littering, and notwithstanding the provisions of subsection A above, the local governing bodies receiving the fines imposed by R.S. 30:2531 through 30:2531.5 and by parish ordinance shall reimburse those justice of the peace courts and ward constable offices who handle litter violations for the time spent and expenses incurred by the respective justice of the peace, and constable, deputy constable, or special deputy constable for handling those litter violations.
As per our telephone conversation, you stated the magnetic car decals are to be placed on the private vehicles belonging to law enforcement officers while patrolling the parish to act as a litter deterrent; as well as, to identify the vehicle and the occupant when it is necessary that a citation be issued. LSA-R.S. 49:121 (I) lists with specificity the requirements for law enforcement officials dress (uniform identifying his authority) and vehicle identification (identifying insignia and bar lights or grille lights) in order to issue a citation for violation of the motor vehicle laws. While this law is not completely on point, it could be viewed as analogous to law enforcement officers issuing litter citations. It is the belief of this office that the decision to equip the law enforcement officers with magnetic car decals is appropriately placed with the police jury. Likewise, uniforms and badges are considered to be equipment that the police jury in its discretion can choose to supply to law enforcement officers.
The general powers and duties of marshals are listed in LSA-R.S.13:1881:
 A. The marshal is the executive officer of the court; he shall execute the orders and mandates of the court and in the execution thereof, and in making arrests and preserving the peace, he has the same powers and authority of a sheriff.
 B. The marshal may appoint one or more deputy marshals having the same powers and authority as the marshal, but the marshal shall be responsible for their actions. The compensation of the deputy marshals shall be fixed and paid by the governing authorities of the city or parish, or both, where the court is located. The city marshal may use funds available for expenses of his office, including proceeds from costs assessed in criminal matters pursuant to R.S. 13:1899, to pay an amount in excess of the fixed salary or to pay the amount fixed or any portion thereof to deputy marshals or to employ additional deputies. However, nothing herein shall authorize the city marshal to fix or supplement his own salary. In no event shall the salary of any deputy exceed that of his city marshal.
The city marshal, as well as his deputy marshals, have the same powers and authorities of a sheriff in making arrests and preserving the peace. The Lake Charles City Marshal/Ward Three Marshal's office does have general law enforcement powers within its' jurisdiction, to enforce the laws/ordinances of the state and parish, including the general power to make arrests and preserve the peace. This power includes the authority to enforce both the state and the parish anti-litter laws within Ward Three of Calcasieu Parish. Please note that this opinion is in keeping with Attorney General's Opinion 99-374 and 97-278, which have been attached for your convenience.
Lastly, as marshals are granted the authority to enforce litter ordinances, the Police Jury in its discretion can choose to supply equipment (namely: magnetic car decals, uniforms and badges) to law enforcement officers.
In conclusion, the Calcasieu Parish Police Jury does have the statutory authority to adopt litter ordinances. In its' discretion, the police jury can supply law enforcement officers (in this case, constables and marshals) with equipment (magnetic car decals, badges and uniforms) utilized in the course and scope of their employment.
We hope the foregoing addresses your concerns. If we may be of further assistance, please do not hesitate to contact us.
Sincerely,
 RICHARD P. IEYOUB ATTORNEY GENERAL __________________________________ ANN EVANS WALL Assistant Attorney General
RPI/AEW;dsc
Enclosures
Date Received: Date Released: February 2, 2001
ANN EVANS WALL Assistant Attorney General
OPINION NUMBER 99-374
December 14, 1999
LSA-R.S. 13:1879
LSA-R.S. R.S. 13:1881
A city marshal has the same powers and authorities of a sheriff in making arrests and in preserving the peace in accordance with R.S. 13:1881. This includes the authority to enforce both state and parish anti-litter laws.
Honorable Vic Stelly Representative, District 35 Post Office Box 12725 Lake Charles, Louisiana 70612
Dear Representative Stelly:
This office is in receipt of your opinion request in which you ask the following, specifically in connection with enforcing anti-litter laws within Ward Three, Calcasieu Parish:
 1. Does the Lake Charles City/Ward Three Marshal's Office have general law enforcement powers within his jurisdiction, i.e. Ward Three, Calcasieu Parish, Louisiana, to enforce the laws/ordinances of the state and parish, including the general power to make arrests and preserve the peace?
 R.S. 13:1879 states in pertinent part:
 § 1879. Marshals and constables; election; term of office; exceptions for Lake Charles and Baton Rouge
 A. For each city court, except in the city of Lake Charles, there shall be a marshal or constable, as he may be designated . . . In the city of Lake Charles, the marshal shall be designated as the ward three marshal.
R.S. 13:1881 regarding the general powers and duties of Marshals and Deputy Marshals states in pertinent part:
 § 1881. General powers and duties of marshal; deputy marshals
 A. The marshal is the executive officer of the court; he shall execute the orders and mandates of the court and in the execution thereof, and in making arrests and preserving the peace, he has the same powers and authority of a sheriff.
 B. The marshal may appoint one or more deputy marshals having the same powers and authority as the marshal, but the marshal shall be responsible for their actions . . .
Per the above statutes, the city marshal as well as his deputy marshals have the same powers and authorities of a sheriff in making arrests and in preserving the peace. Thus, the Lake Charles City Marshal/Ward Three Marshal's Office does have general law enforcement powers within its' jurisdiction, Ward Three Calcasieu Parish, Louisiana, to enforce the laws/ordinances of the state and parish, including the general power to make arrest and preserve the peace. This power includes the authority to enforce both the state and the parish anti-litter laws within Ward Three of Calcasieu Parish. Please note that this opinion is in keeping with Attorney General's Opinion 97-278, which has been attached for you convenience.
We hope this opinion sufficiently addressed your concerns. If we may be of further assistance, please do not hesitate to contact us.
Very truly yours,
 RICHARD P. IEYOUB ATTORNEY GENERAL
 BY: J. RICHARD WILLIAMS
ASSISTANT ATTORNEY GENERAL
RPI/JRW/crt
OPINION NUMBER 97-278
July 2, 1997
 15 — Courts 107 — Sheriffs, Constables and Marshals, including ex-officio tax collectors, rights, powers and duties in general. LSA-RS 13:1879
LSA-RS 13:1881
LSA-R.S. 14:98
A city court marshal has arrest and Honorable Troy Hebert ticket writing powers including the House of Representatives power to arrest for the offense Post Office Box 32 found in LSA-RS 14:98, operating a Jeanerette, LA 70544 vehicle while intoxicated.
Dear Representative Hebert:
This office is in receipt of your opinion request in which you ask if city court marshals have arrest and ticket writing powers, specifically for DWI matters.
LSA-R.S. 13:1879 states in part:
 § 1879. Marshals and constables; election; term of office; exceptions for Lake Charles and Baton Rouge
 A. For each city court, except in the city of Lake Charles, there shall be a marshal or constable, as he may be designated.
Title 13 of the Louisiana Revised Statutes regards courts and judicial procedure and Chapter 7 specifically regards City Courts. Located within Chapter 7 is LSA-R.S. 13:1881, which states in part:
 § 1881. General powers and duties of marshal; deputy marshals
 A. The marshal is the executive officer of the court; he shall execute the orders and mandates of the court and in the execution thereof, and in making arrests and preserving the peace, he has the same powers and authority of a sheriff.
As stated by the above statute, the city marshal does have the power to make arrests and to write tickets.
The offense of operating a vehicle while intoxicated is defined in LSA-R.S. 14:98. There is no provision which excepts operating a vehicle while intoxicated from the list of offenses *Page 2 
for which a city marshal can make an arrest. Thus, a city marshal does have the power to arrest for operating a vehicle while intoxicated.
We hope the foregoing sufficiently addresses your concerns. If our office may be of further assistance, please do not hesitate to contact our office.
Yours very truly,
 RICHARD P. IEYOUB ATTORNEY GENERAL
 By: RICHARD WILLIAMS
Assistant Attorney General
RPI:JRW:glb